[No. 6,198.—Department One.]

## CHARLES MAXWELL v. THE SUPERVISORS OF STANISLAUS COUNTY.

SUPERVISORS—PRINTING.—Prior to the enactment of § 4047 of the Political Code (April 1st, 1878), there was no limitation upon the general powers of the board of supervisors to contract either for printing or publication.

APPEAL from a judgment for the plaintiff, in the Fifth District Court, County of Stanislaus. BOOKER, J.

The proceeding in the Court below was *certiorari* to the board of supervisors of Stanislaus County to annul a resolution of that board, for the publication of the proceedings of the board, and the reports, statements, and advertisements of the officers of the county, in the *Stanislaus County Weekly News;* and for the execution of a contract with the proprietors of that journal for

that purpose. The resolution was passed and the contract executed February 9th, 1878.

*Hewel & Turner*, and *L. Quint*, for Appellant.

*Terry & McKinne*, and *W. L. Dudley*, for Respondent.

McKinstry, J.:

The question of the power of the board to pass the resolutions recited in the complaint, and to enter into the contract with J. D. Spencer, a copy whereof is attached to the complaint, is made to turn, in the points of counsel, upon § 4047 of the Political Code, as the same was enacted April 1st, 1878. That section reads as follows:

" The supervisors must contract for—

"*First.*—All county printing.

"*Second.*—All books and stationery.

"*Third.*—All supplies for county institutions.

"And all the contracts must be made with the lowest bidder, and after ten days' public notice that such contract will be let. The bidding must be by sealed proposals." (Amend. Pol. Code, 1877–78, p. 69.)

On the one hand, it has been argued that the section just quoted did not apply to arrangements or contracts made for the "publication" of the proceedings of the board, etc.; on the other, that by reason of the section no contract could be made for any kind of county printing, except upon notice and bids therein provided for; and that a contract to *publish in a newspaper* includes " printing."

We do not understand it to be claimed by respondent that the Board were without authority to pass the resolutions, or make the contract with Spencer, unless the section of the Political Code above cited operated a limitation upon their power.

The resolutions providing for the contract were passed, and the contract was executed *on the ninth day of February*, 1878. The amendment, § 4047 of the Political Code, which, as is claimed, prohibited the contract, was passed and took effect April 1st, 1878.

Our attention has not been called to any provision of the

codes or other statutes which was in operation when the reso-
lutions were passed and the contract executed, and which oper-
ated a limitation upon the general powers of the Board " to
contract for the county printing, and provide books and station-
ery for the county officers," and " to cause to be published at
the adjournment of each session, in a newspaper or otherwise, a
fair statement of all their proceedings, and semi-annually a
statement of the financial condition of the county." (Pol.
Code, § 4046, subd. 21.22.)

By certain provisions of the Political Code, county officers
were required to make publication ; thus, the tax collector, of the
delinquent list (§ 3764) ; the treasurer, of a notice that he is
ready to pay warrants (§ 4149); the supervisors, of the receipt
of election proclamations (§ 1055). It seems sufficiently evi-
dent, inasmuch as the law could not be construed as imposing
the expense of making the publications above referred to upon
the tax collector and treasurer, it was intended that they should
be a charge against the county, and be provided for by the su-
pervisors. Subdivision 3 of § 4003 of the Political Code author-
ized the county " to make such contracts  *  *  * as may be
necessary to the exercise of its powers " ; and subdivision 26 of
§ 4046 gave power to the board of supervisors " to do and per-
form all other acts and things required by law not in this title
enumerated, or which may be necessary to the full discharge of
the duties of the chief executive authority of the county govern-
ment." It was their duty " to supervise the official conduct of
all county officers," etc. (Subd. 1, § 4046.) Even if there were
no express provisions for the publication of " reports " of county
officers, it would seem a wise and prudential regulation on the
part of the supervisors to provide for their publication by con-
tract, and one within the scope of their powers to secure a full
discharge of the executive duties of county officials. Section
3776 required in terms the publication of the delinquent list ;
but not until the amendment of April 1st, 1878, was it required
that the publication should be contracted for with the lowest
bidder, after notice.

Prior to the § 4047, passed April 1st, 1878, there was no
limitation upon the general powers (above referred to) of the

board of supervisors to contract either for "printing" or "publication."

If this fact had been called to our attention by appellant, we would have been spared some labor in the examination of the questions so elaborately argued at the bar.

Judgment reversed.

ROSS, J., and McKEE, J., concurred.